*Margin:* Nov. Term, 1857.

NAVE
v.
HORTON.

---

## NAVE and Others *v.* HORTON.

Affidavit for a continuance to procure the testimony of an absent witness. The opposite party agreed to admit all the facts expected to be proved, but denied the allegations expected to be proved. *Held*, that the admission was not sufficient.

Nov. Term,
1857.

─────────

NAVE
v.
HORTON.

Friday,
December 11.

To defeat a continuance, the agreement that the facts shall be taken as true, should be without reserve.

If the affidavit contain irrelevant matter, it is for the jury, under the direction of the Court, to say what facts are thus admitted.

APPEAL from the *Huntington* Court of Common Pleas.

STUART, J.—Suit on two promissory notes, by *Horton* against *Nave* and others. Judgment for the plaintiff.

Two errors are assigned—

1. The Court erred in sustaining the demurrer to the answer.

But the defendant below did not except. Hence, the record presents no question on that ruling.

2. The Court erred in refusing a continuance.

The defendants filed their affidavit, strictly conforming to the requirements of the statute as to the absent witness, and what they could prove. Upon that affidavit they moved for a continuance. The plaintiff thereupon, in open Court, admitted the facts, &c., and the Court overruled the motion for a continuance. Defendants excepted.

The admission, as set out in the bill of exceptions, is thus: "The plaintiff, in open Court, agreed to admit, on the trial, all the facts expected to be proved by said witness, but denied the allegations expected to be proved by the plaintiff."

This admission is not sufficient. He should admit, in substantial compliance with the statute. The statute is, "If, thereupon, the adverse party will consent that, on the trial, the facts shall be taken as true, the trial shall not be postponed for that cause." 2 R. S. p. 109. To defeat the continuance, the agreement that the facts be taken as true should be without reserve. If there be in the affidavit irrelevant matter, it is for the jury, under the direction of the Court, to say what facts are thus admitted to be true (1).

To understand the reservation above made, it appears that the defendants proposed to make a witness of the plaintiff; and hence the reservation as to the allegations expected to be proved by the plaintiff, who seems to have been absent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. R. Slack*, for the appellants.

*L. P. Milligan*, for the appellee.

· (1) See *Wheeler* v. *The State*, 8 Ind. R. 113; *McLaughlin* v. *The State, id.* 281; *Millar* v. *The State, ante,* 340.